

401 Commerce Street, Suite 900, Nashville, TN 37219 • (615) 259-1510

August 27, 2019

John Peterson
(615) 259-1523
john.peterson@polsinelli.com

**VIA ELECTRONIC FILING**

The Honorable Joan M. Azrack
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> **Re:** **Gregory Marquess d/b/a Skinitems.com et al. v. Cardflex, Inc. d/b/a Cliq et al. (Docket No. 2:19-cv-04790-JMA-AYS)**
>
> **Pre-Motion Conference for Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss**

Dear Judge Azrack,

Polsinelli PC represents Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the above-referenced action. Pursuant to Rule 4(B) of Your Honor's Individual Motion Practices and Rules, Wells Fargo hereby requests a pre-motion conference regarding Wells Fargo's anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

According to the Complaint, Plaintiff Gregory Marquess d/b/a Skinitems.com ("Skinitems") seeks to recover damages purportedly arising out of a merchant-processing relationship with Defendants Cardflex, Inc. d/b/a Cliq ("Cardflex") and Wells Fargo as processor and acquiring bank, respectively. (*See* Compl. *generally*, including Exhibits attaching contracts.) The merchant-processing relationship was established and governed by the terms of a Merchant Application and Agreement ("Agreement") signed by Gregory Marquess as officer and guarantor of Skinitems. Plaintiff Skintrigue, Inc., allegedly separately owned and operated by Gregory Marquess, did not have a similar agreement with Cardflex and Wells Fargo. (*See* Compl. ¶¶ 22, 94). Rather, Skintrigue seeks to recover damages for Defendants' alleged removal of funds from its account as well as the value of expired inventory it purportedly could not sell as a result of Marquess and Skinitems being placed on the TMF/MATCH list. (*See* Compl. ¶¶ 91, 94, 102–103, 150, 169.) Plaintiffs collectively seek to recover more than $1.5 million in compensatory damages, lost profits, lost income, and punitive damages.

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California



Wells Fargo intends to move to dismiss for the following reasons:

1.      All of Skintrigue's claims, as well as Skinitems' claims for conversion, negligence, unjust enrichment, and violation of N.Y. General Business Law § 349(h), are time-barred and therefore cannot state a claim for recovery.  All four claims are subject to three-year statutes of limitation. *See e.g.*, *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244 (E.D.N.Y. 2014) ("New York applies a three-year statute of limitations for conversion."); *Kismo Apartments LLC v. Dish Network Servs. LLC*, No. 1:16-cv-06834-AMD-RLM, 2017 WL 8780452, *9 (E.D.N.Y. Dec. 20, 2017) (statute of limitation for negligence is three years) (citing *Kent v. 534 E. 11th St.*, 80 A.D.3d 106, 112 (N.Y. App. Div. 2010)); *Lia v. Saporito*, 909 F. Supp. 2d 149 (E.D.N.Y. 2012) (finding "unjust enrichment claims seeking monetary damages are governed by the three (3)-year statute of limitations under Section 214(3) of the New York Civil Practice Law and Rules."); *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 203 (S.D.N.Y. 2018) (claim under N.Y. General Business Law § 349 time-barred by three-year statute of limitation).  According to the Complaint, Plaintiffs' causes of action arose no later than October 31, 2014 and therefore expired no later than October 31, 2017, more than one year before Plaintiffs filed their Notice and Summons with the state court.  (*See* Compl. ¶ 103.)  Skintrigue therefore cannot state a claim and its claims should be dismissed with prejudice in their entirety.  Skinitems' claims for conversion, negligence, unjust enrichment, and N.Y. General Business Law § 349(h) should similarly be dismissed. [1]

2.      Skinitems' claim for fraud is impermissibly duplicative of its breach-of-contract claim and should be dismissed with prejudice. *See Torok v. Moore's Flatwork & Founds., LLC*, 106 A.D.3d 1421, 1422 (N.Y. App. Div. 2013) (dismissing claims for fraudulent misrepresentation as duplicative because the claims were based on the same alleged wrongful conduct as the breach-of-contract claim).  Skinitems' claim for breach of the implied covenant of good faith and fair dealing similarly fails as duplicative of Skinitems' breach-of-contract claim. *See ARI & Co., Inc. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003) ("[W]here the relief sought by the Plaintiff in claiming a breach of the implied covenant of good faith is intrinsically tied to the damages allegedly resulting from the breach of contract, there is no separate and distinct wrong that would give rise to an independent claim.").

3.      Finally, Skinitems' remaining claim for breach of contract alleges damages that are significantly limited by the Agreement:

---

[1] Skinitems' claims for conversion, negligence, and unjust enrichment are also duplicative of its breach-of-contract claim. *See East End Labs., Inc. v. Sawaya*, 79 A.D.3d 1095, 1096 (N.Y. App. Div. 2010) (holding a conversion claim cannot be predicated on a mere breach of contract); *Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp.*, 12-cv-3648 (SJF)(ETB), 2013 WL 1911434, *15 (E.D.N.Y. May 7, 2013) (dismissing negligence claim as duplicative); *Digizip.com, Inc. v. Verizon Servs. Corp.*, 139 F. Supp. 3d 670, 682 (S.D.N.Y. 2015) (dismissing unjust enrichment claim as duplicative).  Moreover, Skinitems' allegations fail to state facts sufficient to allege the requisite elements of these claims.  *See e.g.*, *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 198, 203 (S.D.N.Y. 2018) (finding Section 349 claim insufficient as there were no allegations specifying any deceptive practice or injury directed to consumers generally).



        a.      Wells Fargo's "cumulative liability for all losses, claims, suits, controversies, breaches or damages for any cause whatsoever (including, but not limited to, those arising out of or related to this Agreement) and regardless of the form of action or legal theory shall not exceed (I) $50,000; or (II) the amount of fees received by [Wells Fargo and Cardflex] pursuant to the agreement for services performed in the immediately preceding 12 months, whichever is less." (Agmt. ¶ 19.4); *see also Process Am., Inc. v. Cynergy Holdings, LLC*, 35 F. Supp. 3d 259, 260–61 (E.D.N.Y. 2014), ("Under New York law, parties to a contract may agree to limit the liability that the other may recover from a breach of contract.").

        b.      Skinitems seeks to recover damages for $528,000 in expired inventory, $600,000 in lost profits resulting from the expiration of Plaintiffs' inventory, $280,000 in lost profits representing Marquess' lost income, and "punitive damages, in an amount to be proven at trial." (Compl. ¶ 125; *see also* Compl. at 36–37.)[2]  All of these damages are barred by the limitation-of-liability provision contained in the Agreement, which states in relevant part:

> IN NO EVENT SHALL EITHER PARTY, OR THEIR AFFILIATES . . . BE LIABLE UNDER ANY THEORY OF TORT, CONTRACT, STRICT LIABILITY, OR OTHER LEGAL THEORY FOR LOST PROFITS, LOST REVENUES, LOST BUSINESS OPPORTUNITIES, EXEMPLARY, PUNITIVE, SPECIAL, INCIDENTAL, INDIRECT, OR CONSEQUENTIAL DAMAGES, EACH OF WHICH IS HEREBY EXCLUDED BY AGREEMENT OF THE PARTIES, REGARDLESS OF WHETHER SUCH DAMAGES WERE FORESEEABLE OR WHETHER ANY PARTY OR ANY ENTITY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

(Agmt. ¶ 19.3) (capitalization in original). *See e.g.*, *Metro. Life Ins.*, 84 N.Y.2d at 436 (enforcing limitation-of-liability provision barring recovery of consequential damages).

        I look forward to the opportunity to discuss the foregoing issues with Your Honor and Plaintiffs' counsel at a pre-motion conference at Your Honor's discretion.

                Respectfully submitted,

                John W. Peterson (# 5394200)

cc:    Howard A. Bender, Counsel for Plaintiffs (via e-mail)
       Don Moody, Counsel for Defendant Cardflex, Inc. d/b/a Cliq (via e-mail)
       Fadi Cheikha, Registered Agent for U.S. Alliance Group (via e-mail)

---

[2] Skinitems' breach-of-contract claim must also be dismissed to the extent Skinitems attempts to recover damages for breach of contract on behalf of Skintrigue.