

800 WESTCHESTER AVE., SUITE 641N
RYE BROOK, NY 10573

PH: (914) 921-1998
FAX: (914) 368-9705

_____

September 3, 2019

<u>Via ECF</u>
The Honorable Joan M. Azrack
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: <u>Marquess et al. v. Cardflex, Inc. et al. (19 CV 04790-JMA-AYS)</u>

Dear Judge Azrack:

  I am the attorney for the Plaintiffs, Gregory Marquess and Skinitems, Inc., in the above-referenced action and, pursuant to Your Honor's Rule IV(B), I respectfully submit this letter in response to the August 27, 2019 letter submitted by John W. Peterson on behalf of Defendant, Wells Fargo Bank N.A. ("Wells Fargo"), pursuant to which Wells Fargo requests a pre-motion conference for its anticipated Fed. R. Civ. P. 12(b)(6) motion to dismiss.

  This letter shall narrow the issues raised by Wells Fargo in its letter and offer responses to the contentions raised therein. Plaintiffs reserve their right to offer additional arguments in opposition to Wells Fargo's anticipated motion.

1. <u>Statute of Limitations</u>

  Plaintiffs concede that their claims sounding in conversion, negligence, and a violation of N.Y. General Business Law § 349(h) are time-barred.

  Plaintiffs' unjust enrichment claims are not time-barred. Pursuant to applicable New York law, "where, as here, the unjust enrichment and breach of contract claims are based upon the same facts and pleaded in the alternative, a six-year statute of limitations applies." *Maya NY, LLC v. Hagler,* 106 A.D.3d 583, 585, 965 N.Y.S.2d 475, 477 (1st Dep't 2013). Also, the remedy sought by Plaintiffs pursuant to their unjust enrichment claims is equitable in nature since they seek monies either wrongfully withheld or seized by Defendants (*i.e.*, amounts by which Defendants were unduly enriched) rather than any monetary damages suffered by Plaintiffs. (Complaint ¶¶ 169-70). As such, the six-year statute of limitations is applicable. *See Don Lia v. Saporito,* 909 F. Supp. 2d 149, 167 (E.D.N.Y. 2012).

    2.        Duplicity of the Fraud, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment Claims

Plaintiffs' fraud claim is not duplicative of its breach of contract claim. As per the Complaint, there is a question of fact and law as to whether Marquess entered into the Agreement.[1] (Complaint ¶¶ 33-36; 138-46). Thus, Plaintiffs should be allowed to plead both breach of contract and fraud in the alternative. *Burton v. iYogi, Inc.,* 2015 U.S. Dist. LEXIS 33809, at *32, 2015 WL 4385665 (S.D.N.Y. March 16, 2015) ("[W]here, as here, there are allegations of fraud in the inducement and a dispute as to whether a valid contract exists, parties can and routinely do plead in the alternative fraud, unjust enrichment, and breach of contract.") (citations omitted).

Plaintiffs' fraud claim would still be cognizable even if it were not pleaded in the alternative to the breach of contract claim. *Id.* Where there is a misrepresentation of present fact made prior to entering into an agreement then that misrepresentation "is collateral to the contract, even though it may have induced the plaintiff to sign it, and therefore involves a separate breach of duty" for which a party can claim fraud. *GoSmile, Inc. v. Levine,* 81 A.D.3d 77, 81, 915 N.Y.S.2d 521, 524 (1st Dep't 2010). Plaintiff alleges that Defendant, CardFlex, Inc. ("CardFlex"), who was Wells Fargo's agent, knowingly misrepresented, and omitted, material facts to Marquess prior to the parties purportedly entering into the Agreement. For example, it was misrepresented to Marquess that CardFlex was "one of the top-rated and most respected merchant processors in the U.S." (Complaint ¶ 32). As also referenced in the Complaint, CardFlex's business allegedly focused on high-risk merchants, a fact that was materially omitted by Defendants prior to entering into the Agreement. (*Id.* ¶ 30).

Nor are Plaintiffs' claims for the breach of the implied covenant of good faith and fair dealing duplicative of their breach of contract claims. At this early stage of the litigation, Plaintiffs should be permitted to argue that even if Defendants did not breach any particular express provision of the Agreement, Defendants still breached the implied covenant of good faith and fair dealing as a result of their alleged conduct.

> This covenant embraces a pledge that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." While the duties of good faith and fair dealing do not imply obligations "inconsistent with other terms of the contractual relationship" they do encompass "any promises which a reasonable person in the position of the promisee would be justified in understanding were included."

*511 W. 232nd Owners Corp. v. Jennifer Realty Co.,* 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-01, 746 N.Y.S.2d 131, 136 (N.Y. 2002) (quotations omitted). Here, among other things, Plaintiffs

---

[1] As noted in the Complaint, "[t]o the extent an agreement between the parties exists, the terms and conditions of that agreement are contained in the Merchant Application and Program Guide (the "Agreement")." (Complaint ¶ 38) (emphasis added).

2

contend Defendants purposely caused chargebacks to Skinitems' merchant account by repeatedly refusing to correct that account's contact information. (Complaint ¶¶ 61-94). While the Agreement does not contain an express provision requiring Defendants to correct this information,[2] their intentional and wrongful refusal to do so resulted in depriving Plaintiffs of the benefit they were to receive under the Agreement.

Plaintiff's unjust enrichment cause of action is also pleaded in the alternative to its breach of contract cause of action. (Complaint ¶ 167). Where "a bona fide dispute exists as to the existence of [a] contract, the plaintiff may proceed on both breach of contract and quasi-contract theories." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006) (quoting *Nakamura v. Fujii*, 253 A.D.2d 387, 390, 677 N.Y.S.2d 113, 116 (1st Dep't 1998).

3.  The Purported Exculpatory/Limitation of Liability Clauses

Finally, Defendants alleged conduct hereunder amounts to willful and intentional wrongdoing. Under New York law, "to the extent that agreements purport to grant exemption for liability for willful or grossly negligent acts they have been viewed as wholly void." *Gross v. Sweet*, 49 N.Y.2d 102, 106, 400 N.E.2d 306, 308, 424 N.Y.S.2d 365, 367 (N.Y. 1979). Per the Complaint, Defendants engaged in an intentional scheme to artificially create chargebacks in order to wrongfully claim a default and early termination of the Agreement. (Complaint ¶¶ 61-94). This then resulted in Defendants wrongfully withholding and seizing significant funds per the Agreement's purported "liquidated damages" provision. (*Id.*). This is precisely the kind of alleged misconduct that "smacks of intentional wrongdoing" and is non-exculpatory under New York law. *See Metropolitan Life Ins. Co. v. Noble Lowndes Int'l,* 84 N.Y.2d 430, 439, 643 N.E.2d 504, 509, 618 N.Y.S.2d 882, 887 (N.Y. 1994).

I look forward to discussing these issues, as well as the scheduling of Wells Fargo's anticipated motion, with Your Honor and Mr. Peterson at a pre-trial conference.

        Respectfully submitted,

        Howard A. Bender
        Attorney for Plaintiffs

cc: Mr. John W. Peterson, Counsel for Defendant Wells Fargo Bank, N.A. (via ECF)
   Mr. Don Moody, Counsel for Defendant Cardflex, Inc. (via ECF)
   Fadi Cheikha, Registered Agent for U.S. Alliance Group (via mail)

---

[2] Although the Agreement provides that Plaintiffs were obligated to provide the merchant's most recent contact information on transaction documentation, (Complaint ¶ 32), it's arguable that no similar provision expressly obligated Defendants to provide the same to Plaintiffs' customers. In the absence of such an express provision, one should be implied at law, particularly given Plaintiffs repeated attempts to have Defendants correct this information.