

1201 West Peachtree Street
Suite 1100, Atlanta, GA 30309 • (404) 253-6000

October 1, 2021

Matthew S. Knoop
404.253.6023
404.506.9349 Fax
mknoop@polsinelli.com

**VIA EMAIL TO**:

Holley Hoffman
4542 Norma Drive
San Diego, CA 92115
holleyhoff@yahoo.com

Re: *Marquess, et al. v. Cardflex, Inc., et al.*, Case No. 19-cv-04790 (ERK/AYS), United States District Court for the Eastern District of New York

Ms. Hoffman:

Thank you for your September 28, 2021 letter. As an initial matter, you sent that letter to me but sent your prior correspondence to Mr. Peterson. We are both admitted in this matter and again request you copy both of us on all correspondence.

Below I address the issues you raised in your September 28, 2021 correspondence in the order you raised them:

Wells Fargo's concerns with Plaintiffs' production

First, thank you for clarifying that the Google account to which Mr. Marquess obtained access via Plaintiffs' subpoena to Google "does not contain any emails that were sent or received from any of the domain names listed on Exhibit 1 of Plaintiff's subpoena." My apologies for the oversight in referring to the subpoena as having been issued by Wells Fargo.

Second, as to requesting emails in native format with metadata, we had previously requested such production, and I reiterated that request in my recent correspondence. To be clear, we have significant authenticity concerns with documents Plaintiffs have been and are producing and always want (and again request) production of e-mail correspondence and other digital documents in native format with all metadata. Your statement that "Mr. Marquess is currently in the process of re-formatting all the emails Plaintiff has already produced" is very concerning; Mr. Marquess should not be "formatting" any of these emails in any way, shape, or form. Emails should be produced in original native format with all metadata, which merely involves copying them to a

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California

80116268.2



October 1, 2021
Page 2

folder and producing the folder to us. Again, as we have previously offered, we are happy to provide you a secure file transfer link to send us those documents efficiently and at no cost. When can we expect to receive these documents in native format? Notwithstanding our earlier requests, we again requested them nine days ago; you demand we respond to your correspondence within three days yet you continue to delay responding to ours.

Third, as to the five emails we asserted were not contained in Plaintiff's production, thank you for agreeing to produce the requested August 9, 2010 email and pointing out the June 10, 2013 contact was by telephone. The August 18, 2010 fax, however, is not contained on pages MARQ 001154-001160, as you asserted. Rather, those pages contain a July 28, 2010 fax. Please provide the August 18, 2010 fax and its attachments as identified in the Complaint. Moreover, although you are correct that the February 1, 2013 email chain is contained in Plaintiff's production, the email chain cuts off Mr. Marquess's fifth question. Please provide this email chain, including Mr. Marquess's questions, in its entirety. As with all emails, please provide the February 1, 2013 email chain in native format with all metadata.

Finally, the only "undue and unnecessary burden" created in Plaintiffs' production was created by Plaintiffs. For example, instead of producing the "original . . . .pdf" of the Visa regulations on which Plaintiffs rely, you chose to print out over 1170 pages and send them to each of the three defendants on paper via FedEx. Not only does that not comply with the parties' agreement, it delayed receipt of Plaintiffs' production and has created a significant burden in our review of Plaintiffs' documents. Please produce to us the original .pdf of the Visa regulations you downloaded in compliance with the parties' agreement. We are happy to provide a secure file transfer link to ease your transmission of the document.

Plaintiffs' concerns with Wells Fargo's production

First, as a general practice, to respect confidentiality in our merchant relationships, we redact the merchant identification number from documents produced (MID). In this case, we redacted the MID from the merchant statements and reserve documents; because that MID was associated with the Skinitems' merchant account, we have removed those redactions and have re-produced those documents today under separate cover. As to your request that we remove the redactions from the agreements between and among defendants, those redactions cover the identities and contact information for other merchants as well as fees and other monetary figures associated with Wells Fargo's relationships with the other defendants, which information is not at issue in this litigation and is confidential to those relationships. Wells Fargo objects to producing this information and therefore will not remove those redactions but provides you contemporaneously a redaction log



October 1, 2021
Page 3

explaining these redactions. As to your suggestion that we "may not refuse to produce the documents/responses in their full, unredacted form", the Confidentiality Order specifically provides it "is without prejudice to the right of any party . . . to object to the production of documents or information."

Second, although we dispute your interpretations of the reserve statement produced and with Wells Fargo's obligations regarding funds held in reserve, we have already produced documents showing all settlement funds from the Skinitems merchant account held in reserve on behalf of Wells Fargo. To the extent Plaintiffs contend additional funds were diverted and held in reserve, such action did not occur on behalf of Wells Fargo.

Third, to date, we have not located any documents showing Plaintiffs' placement on the TMF/MATCH list, and "Kelly Cullum" was not a representative of Wells Fargo. Should we locate any such documents, we will supplement our production accordingly.

Finally, to date, we have not located any "correspondence related to the opening of the Skinitems merchant account." Plaintiffs already produced the executed Merchant Processing Application and Agreement and Program Guide Confirmation Page. Again, should we locate any such documents, we will supplement our production accordingly.

Wells Fargo of course reserves the right supplement and/or amend its production as discovery progresses and further reserves the right to engage a third party to forensically capture Plaintiffs' data consistent with best practices to ensure the authenticity of data produced.

Sincerely,

*s/ Matthew S. Knoop*

MSK:elh