

1201 West Peachtree Street
Suite 1100, Atlanta, GA 30309 • (404) 253-6000

August 20, 2021

Matthew S. Knoop
404.253.6023
404.506.9349 Fax
mknoop@polsinelli.com

**VIA EMAIL TO**:

Holley Hoffman
4542 Norma Drive
San Diego, CA 92115
holleyhoff@yahoo.com

Howard Bender
800 Westchester Ave., Suite 641N
Rye Brook, NY 10573
hbender@benderesq.com

Re: *Marquess, et al. v. Cardflex, Inc., et al.*, United States District Court for the Eastern District of New York, Case No. 19-cv-04790 (ERK/AYS)

Counsel:

At the deposition of Bank of America on Wednesday, August 11, 2021, Mr. Levy, its corporate representative, testified on no fewer than ten occasions that the three purported bank statements for the month of November 2012 (for accounts ending 3761, 1555, and 0118) that Plaintiffs produced and upon which Plaintiffs rely in this litigation were "doctored," a "forgery," and/or "did not come from Bank of America." He further testified that Bank of America did not issue different versions of the same account statements after examining the obviously different versions of the purported account statements for the accounts ending in 3761 and 1555. The transcript of this deposition became available this past Monday; I trust you have already shared and discussed it with Mr. Marquess.

In addition to the two different versions of two purported statements, Mr. Levy identified, among other alterations, the following:

- The "Daily Ledger Balance" on the version of the November 2012 statement for the 3761 account produced to Defendants in April of this year does not reflect the purported $123,956.14 debit to the 3761 account (notably, Plaintiffs appear to have intentionally left the page containing the "Daily Ledger Balance" off the version Plaintiffs produced to Defendants in July 2020 in a failed effort to extort a settlement payment from Defendants);

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California

79469319.1



August 20, 2021
Page 2

- Similarly, the purported transfers of $8,363.63 from the 1555 account and $90,042.75 from the 0118 account are not reflected in the "Daily Ledger Balances" for the purported November 2012 statements for those accounts;
- Neither purported transfer to the 3761 account on November 26, 2012 appears in the "Deposits and Credits" section of the purported November 2012 statement for the 3761 account;
- Several purported statements do not "sum up" in the "Your Account at a Glance" section or in particular sections of the purported statements; and
- There exist blatant typographical errors in these altered "statements" ("0" v. "O", text not lining up with entries, double negatives, etc.)

In short, not only are Plaintiffs relying upon altered banking documents you produced to Defendants in this litigation but the alterations themselves are glaring. We called numerous of these obvious alterations and the different versions of the same statements to Mr. Bender's attention repeatedly, yet Mr. Bender refused to conduct any investigation beyond asking Mr. Marquess whether the statements were authentic. Ms. Hoffman, who had been assisting Mr. Bender prior to her formal appearance in this matter, appears to have taken a similar tact. Regardless, this failure to reasonably respond to obvious fraud has resulted in Defendants' incurring tens of thousands of dollars in needless attorneys' fees and costs, if not significantly more.

On behalf of Wells Fargo Bank, NA, we intend to file a motion for sanctions seeking dismissal of this action with prejudice. We further intend to pursue recovery of every dollar incurred defending this frivolous and fraudulent lawsuit from Mr. Marquess and his attorneys. Without waiving our right to recover these fees and costs, but only as a means of limiting the amounts of fees and costs at issue, we now offer Plaintiffs the opportunity to dismiss this action with prejudice (subject to Defendants' right to seek recovery of its attorneys' fees and costs) prior to our moving the Court for sanctions.

Please let us know whether Plaintiffs will agree to dismiss this action with prejudice (subject to the reservations above) not later than Monday, August 23, 2021 at 5:00 p.m. ET.

Sincerely,

*s/ Matthew S. Knoop*

cc: Don Moody (by email only at dmoody@cliq.com)
James Huber (by email only at jhuber@attorneygl.com)

79469319.1