| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| GREGORY MARQUESS d/b/a<br>SKINITEMS.COM and SKINTRIGUE,<br>INC., | **MEMORANDUM AND ORDER** |
| Plaintiffs, | 2:19-cv-04790 (ERK) (LGD) |
| – against – | |
| CARDFLEX, INC. d/b/a CLIQ, WELLS<br>FARGO BANK, N.A., U.S. ALLIANCE<br>GROUP, and JOHN DOES 1–10<br>INCLUSIVE, | |
| Defendants. | |

KORMAN, *J.*:

On February 8, 2023, Magistrate Judge Lee G. Dunst issued a Report and Recommendation ("R&R") in which he recommended that I deny with prejudice defendants' motions for fees, costs, and sanctions, and deny as moot the motions to strike. ECF No. 177 at 21. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") timely filed objections to the R&R, in which defendants U.S. Alliance Group, Inc. and Cardflex, Inc. have joined. ECF Nos. 178, 180, 184. Former plaintiffs' counsel Howard Bender also timely filed objections to the R&R, in which former plaintiffs' counsel Holley Hoffman has joined. ECF Nos. 181, 182. Wells Fargo, Bender, and Hoffman have filed responses to the respective objections. ECF Nos. 186, 188, 189. *Pro se* plaintiffs have not responded to the fees motions, despite Magistrate Judge

1

Dunst's direction to do so by docketed text orders of November 28, 2022 and December 20, 2022. I assume knowledge of the relevant facts and procedural history. Upon *de novo* review, I accept the recommendation of the magistrate judge.

Briefly, defendants' objections to the R&R are unconvincing. Defendants first contend that "the [R&R] bends over backwards to avoid awarding fees against [plaintiff] Marquess." ECF No. 178 at 2. Not so. I agree with Magistrate Judge Dunst that further sanction of plaintiffs in this case would be excessive and unjust.

Defendants next object to the R&R with respect to former plaintiffs' counsel Bender and Hoffman, arguing that the R&R misstates the record.

With respect to Bender, after reviewing the relevant submissions and Bender's declaration, I agree that the evidence supports a finding that Bender acted in good faith. Indeed, Bender's declaration explains why he plausibly believed in the authenticity of the Georskey emails, ECF No. 141 ¶¶ 20-29, and that he believed the best way to determine the authenticity of the Bank of America statements would be to subpoena the bank. *Id.* ¶ 52. Wells Fargo objects that "this ignores that the *joint* subpoena was issued *after Wells Fargo* already issued a document subpoena to Bank of America and was advised that the bank statements were outside Bank of America's document retention policy," and thus "Bender knew the joint subpoena would not result in the production of the original bank records." ECF No. 178 at 4. But the second subpoena additionally included a request for a deposition, which

2

defendants acknowledged, at a conference before Magistrate Judge Shields, would be required because of the retention period issue. ECF No. 141-7 at 5:4-12.

As to Hoffman, defendants' objection principally reiterates arguments from prior filings, claiming, for instance, that Hoffman's position is contrary to the Federal Rules of Evidence. ECF No. 178 at 3-4. Nonetheless, I agree with Magistrate Judge Dunst that the existence of other similar cases tends to buttress Hoffman's claim that she pursued this case in good faith.

Finally, with respect to discovery, as already noted, plaintiffs' counsel appears to have acted in good faith, based on their sworn submissions to the court and a review of all the facts. Thus, despite defendants' objections, this is not a case for further discovery into the conduct of counsel.

Bender has also objected to the R&R, and Hoffman has moved to join that objection with respect to an award of attorney's fees as a prevailing party in opposing the defendants' fees motion. ECF No. 181, 182.[1] "Specifically, Bender objects to the R&R's omission concerning Bender's request for a fee award pursuant to Fed. R. Civ. P. 11(c)(2)." ECF No. 181 at 1, 15. The objection is also unconvincing.

---

[1] Hoffman has additionally filed her own response to Wells Fargo's objections to the R&R, in which she seeks fees of roughly $4,000 "for the necessity of responding to Wells Fargo's Objection." ECF No. 189 at 9 n.3. And Bender has noted in his response to Wells Fargo's objection that he has "incurred an additional 16.8 hours of time" preparing the response. ECF No. 188 at 13 n.10.

3

Rule 11 states that with respect to a motion for sanctions, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). "Although a prevailing non-movant may be entitled to attorneys' fees when he successfully avoids Rule 11 sanctions, fees are infrequently granted where the motion was not clearly frivolous, filed for an improper purpose, or not well grounded in fact or law." *Goldberg v. Blue Ridge Farms, Inc.*, No. CV-04-5098 (CPS), 2005 WL 1796116, at *7 (E.D.N.Y. July 26, 2005).

Here, as the R&R found, Wells Fargo's motion failed to comply with Rule 11 by neglecting the 21-day safe harbor provision of the Rule. ECF No. 177 at 19. Magistrate Judge Dunst also found that the defendants' Rule 11 motion "levie[d] inappropriate allegations against Plaintiff and his attorneys, and [was] in violation of the Court's local rules." *Id.* at 19. Indeed, as Magistrate Judge Dunst wrote: "pursuant to Rule 11 and the local rules, these motions should have been brought in a more good faith and courteous manner, which could have reduced the serious accusations brought by both sides and minimized the need for over 1,100 pages in related briefings and exhibits." *Id.* at 20.

Nonetheless, it is hard to say that Wells Fargo's motion was frivolous or filed for an improper purpose given the facts of this case. In my decision on the motion to dismiss, I found that defendants "plausibly accuse[d] plaintiffs of 'clearly

4

fabricat[ing] Bank of America statements,'" ECF No. 135 at 6, and that plaintiffs repeatedly failed to comply with discovery orders, *id.* at 9. Based on those prior findings with respect to plaintiffs' actions, the defendants' motion to recover fees under various legal authorities, including the Court's inherent authority, 28 U.S.C. § 1927, Rule 11, and Rule 37(b)(2)(C) all in one motion against plaintiffs and their counsel was not frivolous. Thus, sanctions are not warranted here even though defendants' Rule 11 motion is procedurally defective. Indeed, even where Rule 11 has been violated, courts have "significant discretion in determining what sanctions, if any, should be imposed." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (quoting Rule 11 Advisory Committee Note). On this record, I therefore decline to grant either Bender or Hoffman fees.

## CONCLUSION

I adopt the Report and Recommendation. I deny defendants' motion for fees at ECF Nos. 137, 139, and 154. I also deny Bender's and Hoffman's requests for fees at ECF No. 140 at 24, ECF No. 142 at 19-20, and ECF No. 189 at 9. I deny as moot the motions to strike at ECF Nos. 153 and 156.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
May 23, 2023